1  Ralph W. Boroff (SBN 59164)
   LAW OFFICES OF RALPH W. BOROFF, P.C.
2  55 River Street, Suite 100
   Santa Cruz, CA 95060
3  Telephone: (831) 458-0502, Facsimile: (831) 426-0159
   E-mail: rwb_attorney@1stcounsel.com
4  Attorney for Plaintiff
   ESTATE OF BRADLEY G. DREHER
5  by CAROL E. MCGUIRE, the
   special administrator of his estate
6
   Rebecca S. Widen (SBN 219207)
7  HAAPALA, THOMPSON & ABERN, LLP
   1939 Harrison Street, Suite 800
8  Oakland, CA 94612
   Telephone: (510) 763-2324, Facsimile: (510) 273-8570
9  E-mail: rwiden@htalaw.com
   Attorneys for Defendants
10 COUNTY OF SANTA CRUZ and
   SHERIFF PHIL WOWAK
11
   Jerome M. Varanini, Esq.
12 TRIMBLE, HOBSON & VARANINI
   2500 Venture Oaks Way, Suite 350
13 Sacramento, CA 95833
   Telephone: (916) 444-8271, Facsimile: (916) 442-5750
14 E-mail: jvaranini@tsvlaw.com
   Attorneys for Defendant
15 CALIFORNIA FORENSIC MEDICAL GROUP

16

17
                IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA
18
                    NORTHERN DISTRICT OF THE STATE OF CALIFORNIA
19
                                     SAN JOSE DIVISION
20

| | |
|---|---|
| ESTATE OF BRADLEY G. DREHER by CAROL E. MCGUIRE, the special administrator of his estate,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ; PHIL WOWAK, SHERIFF OF COUNTY OF SANTA CRUZ; CALIFORNIA FORENSIC MEDICAL GROUP and DOES 1-100 and DOES 102-300, inclusive,<br><br>Defendants. | CASE NO.: 5:13-CV-02482-EJD<br>AMENDED ORDER<br>**STIPULATION AND ORDER FOR FILING SECOND AMENDMENT TO COMPLAINT NAMING AS A PLAINTIFF CAROL E. MCGUIRE, INDIVIDUALLY AND SUBSTITUTING ADMINISTRATOR**<br><br>(Federal Rule Civil Procedure 15; Local Rule 7-12) |

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*
Stipulation and Order for Filing Second Amendment to Complaint

Case No. 5:13-CV-02482-EJD
Page 1 of 2

1  IT IS HEREBY STIPULATED by and between the parties hereto through their respective
2  attorneys of record that once the Superior Court in the County of Santa Cruz has appointed
3  MARSHA KEEFER as the Administrator of the Estate of Bradley G. Dreher plaintiff may file the
4  attached (Exhibit A) Amendment to Complaint naming CAROL E. McGUIRE as a plaintiff and
5  substituting MARSHA KEEFER as Administrator of the Estate of Bradley G. Dreher.
6  IT IS SO AGREED this 3rd day of July, 2014.

LAW OFFICES OF RALPH W. BOROFF, P.C.

By: _____
Ralph W. Boroff
Attorneys for Plaintiff

HAAPALA, THOMPSON & ABERN, LLP

By: */s/ Rebecca S. Widen
Rebecca S. Widen
Attorneys for Defendants
COUNTY OF SANTA CRUZ and SHERIFF WOWAK
* Ms. Widen provided her consent that this
document be electronically filed

TRIMBLE, HOBSON & VARANINI

By: */s/ Jerome M. Varanini
Jerome M. Varanini
Attorneys for Defendant
CALIFORNIA FORENSIC MEDICAL GROUP
* Mr. Varanini provided his consent that this
document be electronically filed

PURSUANT TO STIPULATION, IT IS SO ORDERED upon acceptance by Santa Cruz County Superior Court of the appointment of MARSHA KEEFER as Administrator of the Estate of Bradley G. Dreher.

7/8/2014
DATED

_____
District Judge Edward J. Davila
United States District Court
Northern District of California

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*
Stipulation and Order for Filing Second Amendment to Complaint

Case No. 5:13-CV-02482-EJD
Page 2 of 2

# Exhibit A

Ralph W. Boroff, (SBN 59164)
Law Offices of Ralph W. Boroff, P.C.
55 River Street, Suite 100
Santa Cruz, CA 95060
Telephone: (831) 458-0502
Facsimile: (831) 426-0159
E-mail: rwb_attorney@1stcounsel.com

Attorney for Plaintiffs
ESTATE OF BRADLEY G. DREHER
by MARSHA KEEFER, the special administrator of his estate,
and CAROL E. MCGUIRE, individually

IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF BRADLEY G. DREHER by MARSHA KEEFER, the special administrator of his estate, and CAROL E. MCGUIRE, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CRUZ; PHIL WOWAK, SHERIFF OF COUNTY OF SANTA CRUZ; CALIFORNIA FORENSIC MEDICAL GROUP and DOES 1-100 and DOES 102-300, inclusive,<br><br>Defendants. | **CASE NO.: 5:13-cv-02482-EJD**<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS —**<br>**JURY TRIAL DEMANDED** |

**JURISDICTION**

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343. In addition, this Court has pendent and supplemental jurisdiction pursuant to 28 USC § 1367 over the state law claims alleged in this complaint.

**VENUE**

2. The unlawful acts and practices alleged occurred in the County of Santa Cruz, State

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded

Case No. 5:13-cv-02482-EJD
Page 1 of 12

of California, within this judicial district. Therefore, venue lies in the United States District Court of California, San Jose Division, 28 USC §84(c), 1391(b)(2), Northern District of California Local Rule 3-2(c).

**CLAIMS REQUIREMENT**

3. Plaintiff Estate of Bradley G. Dreher complied with the requirements of California Government Code Section 900, *et seq.*, where an action for state court claims is filed against a public entity and it employees.

**PARTIES**

4. Bradley G. Dreher was a citizen of the United States and a resident of Soquel, California. Marsha Keefer is the substituted administrator on the Estate of Bradley G. Dreher.

5. Carol E. McGuire is the mother of Bradley G. Dreher.

6. The County of Santa Cruz (hereinafter "County") is a public entity which is responsible for and administers the Main Jail through its agency, the Santa Cruz County Sherifff's Office (hereinafter "SCSO"). County promulgates policies and practices for the housing, custody, care, safekeeping and protection of inmates (including pretrial detainees) in the Main Jail. The County and Does 1-25 constructed, owned, operated, repaired, maintained and controlled the buildings in which the Main Jail is located. Said facility is located at 259 Water Street, in the City and County of Santa Cruz.

7. Phil Wowak (hereinafter "Wowak") is and, at all times herein mentioned, was the Sheriff of Santa Cruz County. Defendant Wowak and other County officials, Does 26-50, ran, operated, oversaw, administered, supervised and were otherwise responsible for the conduct of agents of the Santa Cruz County Sheriff's Office at the Main Jail.

8. Does 51 - 100 are and were Sheriff's deputies, detention officers or other employees or agents of the County employed at the Main Jail.

9. California Forensic Medical Group (hereinafter "CFMG") is a corporation licensed in the State of California to provide medical services to various county jails throughout the State. In 2012 CFMG entered into a contract with the County of Santa Cruz to provide those medical services including diagnosis and treatment of medical conditions of inmates at the Santa Cruz

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded

Case No. 5:13-cv-02482-EJD
Page 2 of 12

1  County Jail and distribution of prescribed medication to those inmates. At all times mentioned
2  herein agents and employees of CFMG were acting in that capacity and provided all custodial
3  medical care to Bradley G. Dreher excepting that provided by Dr. Helali and Dr. Gupta as alleged
4  in paragraphs 15 and 16 below.

5      10.     CFMG and Does 102 - 200 are physicians, nurses and other healthcare practitioners
6  who are employees or agents of County employed at Main jail. CFMG and Does 102 - 110 were
7  independent contractors providing medical and/or professional services to inmates brought to Mail
8  Jail for treatment of medical needs and conditions while incarcerated at the Main Jail. The work to
9  be performed by CFMG and Does 102 - 110 had a peculiar risk of harm when performed in a manner
10 inconsistent with the duty of due care. The duties to take reasonable action to summon immediate
11 medical care and to provide that care including provision of prescribed medication in a manner
12 consistent with the prescription are non-delegable duties as the responsibility is contemplated in
13 Government Code §815.4.

14     11.     Plaintiff is ignorant of the true names and capacities of Defendants Does 1-100 and
15 Does 102-300, inclusive and therefore sues these Defendants by such fictitious names. Plaintiff is
16 informed and believes and therefore alleges that each Defendants so named is responsible in some
17 manner for the injuries and damages suffered by plaintiff as set forth. Plaintiff will amend this
18 complaint to state the true names and capacities of Defendants Does 1-100 and Does 102-300,
19 inclusive, when they have been ascertained.

20     12.     At all times mentioned herein, CFMG and each named Doe Defendant was the
21 agent or employee of Defendant County and, in doing the things alleged, was acting within the
22 course and scope of such agency or employment and with the actual or implied permission, consent,
23 authorization and approval of the County.

24 **STATEMENT OF FACTS**

25     13.     Decedent Bradley G. Dreher was 47 years of age at the time of his death on January
26 13, 2013. He had been living in Kenmore, New York, until October of 2012 when he moved to
27 Soquel to assist his mother.

28     14.     Bradley G. Dreher had a long psychiatric history for which he had been prescribed

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded

Case No. 5:13-cv-02482-EJD
Page 3 of 12

1  and took a constellation of medications including valium, diozepam, hydrocodone, and alprazolam
2  (xanax).

3      15.    Any abrupt termination or irregular administration of the medications, or any one of
4  them, identified in paragraph 12 above will lead to bizarre behavior including suicidal ideation
5  and panic attacks. This information was known or should have been known to each Defendant
6  herein and each of their agents at the time of their acting or failing to act as described below.

7      16.    On January 11, 2013, decedent Bradley G. Dreher was arrested at his home in Soquel
8  following his bizarre behavior at the office of and threats to his physician, Amir Helali, at 6800
9  Soquel Drive, Soquel, California. The circumstances surrounding that arrest were either easily
10 available to or actually known by each Defendant and each agent of Defendant at all times herein.
11 The controversy with Dr. Helali involved Dreher's access to prescribed medication.

12     17.    At the time of his arrest Bradley G. Dreher informed arresting Santa Cruz Sheriff's
13 deputies that his behavior was caused by his abrupt medication withdrawal and that he desired
14 appropriate medical attention. The arresting officer, SCSO Deputy Jason Fennelly, assured Dreher,
15 in the present of his mother, that the officer would see to it he received appropriate medical care.
16 Thereafter, Deputy Fennelly took Dreher to Dominican Santa Cruz Hospital where he was examined
17 and treated by Dr. Shilpa Gupta, D.O., who administered valium and xanax and prescribed those
18 medications upon a specific regimen (three times per day).

19     18.    Deputy Fennelly then transported Bradley G. Dreher to Santa Cruz County Main Jail
20 where Dreher was placed in a holding cell and administered the prescribed medication at 8:20 a.m.
21 on January 12, 2013. Later that afternoon, Bradley G. Dreher was assigned to the medical until but
22 not provided his prescribed medication. In fact, after 8:20 a.m. on January 12, 2013, Dreher was
23 provided no medication by jail staff and otherwise denied access to his prescribed medication.

24     19.    On January 12, 2013, Carol E. McGuire attempted to visit Dreher at the Main Jail
25 but was denied access as it was not a regular visiting day and she would be unable to see him on
26 January 13, 2013, a Sunday, as well as he had not reserved a visit earlier in the week (before his
27 arrest.)

28     20.    Agents of Defendant County and Defendant CFMG not only failed to administer

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*  
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded  
Case No. 5:13-cv-02482-EJD  
Page 4 of 12

medication to Dreher subsequent to 8:20 a.m. on January 12, 2013; they neglected to monitor him for panic attacks or suicide risk, both of which were likely outcomes for a patient abruptly deprived of these medications.

21. The specific circumstances of Dreher's incarceration created a special relationship between agents of Santa Cruz County, CFMG and Bradley G. Dreher. Dreher relied upon his anti-psychotic medication to avoid panic attacks and ensuing self harm. These Defendants' agents had control over his access to medication and were duty bound to administer it to him as prescribed by Dr. Gupta. These Defendants' agents also knew, or in the exercise of reasonable care should have known, that if Dreher were abruptly denied his medication he would harm himself. Nonetheless, these detention officers and other agents of Defendants both utterly failed to administer the medication for over twenty-four hours but also failed to monitor the likely consequences of their inaction, Bradley G. Dreher's probable suicide.

22. On the morning of January 13, 2013, at approximately 10:30 a.m. SCSO Detention Officer Anzalone was charged with the responsibility to inspect Dreher's cell. Bradley G. Dreher had written a suicide note on the wall of the cell in large letters and torn his bedding into strips to facilitate his suicide by hanging. These facts would have been evident to any reasonably trained, reasonably sentient detention officer. However, Detention Officer Anzalone confirmed all was well in Dreher's cell.

23. At 11:15 a.m. on January 13, 2013, SCSO Detention Officer Yerena inspected Dreher's cell block and found him dead, hanging in his single cell from a remnant torn from his bed sheet. There were several other bed sheets remnants about the cell evidencing earlier, unsuccessful, suicide attempts.

**DAMAGES**

24. As a proximate result of Defendants' conduct, Bradley G. Dreher died. He experienced pain and suffering, past and future wage loss, and past and future loss of earning capacity. As a proximate result of Defendants' conduct, Bradley G. Dreher is unable to communicate with and interact with other people including his children, Heavyn Dreher, Sky Dreher and George Lay. As a result of the foregoing, these children have been deprived of their father's

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded

Case No. 5:13-cv-02482-EJD
Page 5 of 12

1  guidance, advice, emotional support and counsel.

2  25. As a further proximate result of Defendants' conduct, Heavyn Dreher has suffered
3  loss of consortium, comfort, care, services and support of Bradley G. Dreher.

4  26. As a further proximate result of Defendants' conduct, Sky Dreher has suffered loss
5  of consortium, comfort, care, services and support of Bradley G. Dreher.

6  27. As a further proximate result of Defendants' conduct, George Lay has suffered loss
7  of consortium, comfort, care, services and support of Bradley G. Dreher.

8  28. As a further proximate result of Defendants' conduct, Carol E. McGuire has suffered
9  loss of consortium, comfort, care, services and support of Bradley G. Dreher. She asserts a claim
10 under the 14th Amendment of the United States Constitution as to the First, Second and Third Causes
11 of Action as provided by controlling case authority including *Curnow v. Ridgecrest Police*
12 *Department* 952 F 2d 321 (9th Cir. 1991).

13 29. The conduct of Defendants Wowak and Does 26-100 and Does 102-300 was
14 malicious, wanton and oppressive. Plaintiff is therefore entitled to punitive damages against those
15 Defendants.

16 30. Plaintiffs have found it necessary to engage the services of counsel to vindicate their
17 rights under the law. Plaintiffs are therefore entitled to an award of all attorneys fees and litigation
18 costs incurred in pursuing this action for violation of civil rights.

### FIRST CAUSE OF ACTION

**(Violation of 42 U.S.C. §1983 - Against County, Wowak and Does 26-50)**

21 31. Plaintiffs reallege and incorporate by reference paragraphs 1-30 of this complaint.

22 32. Defendants' above alleged actions and failures to act resulted from policies, customs
23 and practices of Defendant County including, but not limited to, the following:

24    a. County, Wowak and Does 26-50 failed to assign sufficient Sheriff's personnel
25 to the Main Jail in order to provide adequate monitoring and supervision of the inmates.

26    b. County, Wowak and Does 26-50 failed to properly train the Sheriff's
27 personnel assigned to the Main Jail so that the personnel did not have sufficient knowledge or skills
28 to adequately monitor and supervise the inmates.

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*  
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded

Case No. 5:13-cv-02482-EJD  
Page 6 of 12

        c.      County, Wowak and Does 26-50 failed to provide jail buildings constructed so that the Sheriff's personnel could visually observe all inmates at all locations in the Main Jail.

        d.      County, Wowak and Does 26-50 failed to provide adequate video and/or audio equipment so that the Sheriff's personnel could visually observe all inmates to all locations in the Main Jail.

        e.      County, Wowak and Does 26-50 failed to provide adequate training of Sheriff's personnel to allow them to appreciate the signs of an inmate in psychological distress requiring their further action to avoid the inmate's suicidal consequences.

        f.      County, Wowak and Does 26-50 failed to provide adequate training to Sheriff's personnel and other persons working in the Main Jail charged with the responsibility of distributing and administering medication to assure that such task was accomplished in a medically appropriate, as prescribed, manner.

33.    County, Wowak and Does 26-50, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by CFMG and Defendants Does 51-100 and Does 102-300 and other agents and employees of the County at the Main Jail, consisting in part of indifference to the safety of inmates in jail as well as failure to summon and provide adequate medical care and deliberate indifference to the serious medical needs of its prisoners. Despite said notice, Defendants County, Wowak and Does 26-50 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate or adequate measures to prevent the continued perpetuation of said pattern of conduct. This lack of adequate supervisorial response by Defendants County, Wowak and Does 26-50 demonstrates the existence of an informal custom or policy which tolerates and promotes the continued denial of proper medical attention for inmates and the violation of the civil rights of persons incarcerated in the Main Jail.

34.    The acts of CFMG and Defendants Does 51-100 and Does 102-300 alleged herein are the direct and proximate result of the deliberate indifference of Defendants County, Wowak and Does 26-50 and their supervisory officials and employees to violations of constitutional rights of persons incarcerated in the Main Jail by CFMG and Does 51-100 and Does 102-300 and other

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded
Case No. 5:13-cv-02482-EJD
Page 7 of 12

agents and employees of the County at the Main Jail. Plaintiff's injuries and damages were foreseeable and proximate result of the deliberate indifference of the County, Wowak and Does 26-50 to the pattern, practices, customs and policies described above.

35. In doing the acts complained of, County, Wowak and Does 26-50 acted under color of State law to deprive plaintiff of certain constitutionally protected rights including, but not limited to, the right not be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States of Constitution.

36. In acting and failing to act as hereinabove alleged, Defendants and each of them were deliberately indifferent to the substantial risk that Bradley G. Dreher would become despondent and commit suicide secondary to his denial of appropriate prescribed medication.

37. As a proximate result of Defendants' wrongful conduct, plaintiff suffered the injuries and damages as set forth.

38. In acting as hereinabove alleged, the conduct of Defendants Wowak and Does 26-50 was performed knowingly, intentionally, maliciously, amounting to despicable conduct by reason of which plaintiff is entitled to an award of punitive damages in a just and reasonable sum.

## SECOND CAUSE OF ACTION

### (42 U.S.C. §1983 - Against Does 51-100)

39. Plaintiffs reallege and incorporate by reference paragraphs 1-38 of this complaint.

40. In doing the acts complained of, Defendants Does 51-100 acted under the color of State law to deprive the plaintiffs of certain constitutionally protected rights including, but not limited to, the right to not be deprived of life or liberty without due process of law, a guaranteed by the Fourteenth Amendment to the United States Constitution.

41. In acting and failing to act as hereinabove alleged, Defendants and each of them were deliberately indifferent to the substantial risk that Bradley G. Dreher would become despondent and commit suicide.

42. As a proximate result of Defendants' wrongful conduct, plaintiffs suffered injuries and damages set forth.

///

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded

Case No. 5:13-cv-02482-EJD
Page 8 of 12

## THIRD CAUSE OF ACTION

### (42 U.S.C. §1983 - Against CFMG and Does 102-200)

43. Plaintiffs reallege and incorporate by reference paragraphs 1-42 of this complaint.

44. At all times mentioned herein, CFMG and Does 102-200 were the agents and employees of County employed as physicians, nurses and other healthcare practitioners at Main Jail providing medical treatment to inmates of the Main Jail.

45. Defendants CFMG and Does 102-200 are sued individually and in their capacity as employees and agents of the County.

46. By engaging in the conduct described herein, CFMG and Does 102-200 acted under the color of State law and in the course and scope of their employment for County.

47. By engaging in the conduct described herein, CFMG and Does 102-200 exceeded the authority vested in them under the U.S. Constitution and as employees and agents of the County.

48. In doing the acts complained of, Defendants CFMG and Does 102-200 acted under the color of State law to deprive plaintiff of certain constitutionally protected rights including, but not limit to, the right to be deprive of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

49. In acting and failing to act as hereinabove alleged, Defendants and each of them were deliberately indifferent to Bradley G. Dreher's need for medical assistance.

50. Defendants' above alleged actions and failures to act resulted from policies, customs and practices of Defendant County including, but not limited to:

   a. Denying prescribed medications to inmates of the Main Jail.

   b. Providing medical treatment for Main Jail inmates below the professional standard of care applicable to corresponding healthcare providers in the State of California.

   c. Failing to notify Sheriff's Department staff that inmates denied medical treatment and medication were at an increased risk of suicide.

51. As a proximate result of Defendants' wrongful conduct, plaintiffs suffered injuries and damages set forth.

52. In acting as hereinabove alleged, the conduct of Defendants CFMG and Does 102-200

Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded

Case No. 5:13-cv-02482-EJD  
Page 9 of 12

was performed knowingly, intentionally, maliciously amounting to despicable conduct by reason of which plaintiffs are entitled to an award punitive damages in a just and reasonable sum.

## FOURTH CAUSE OF ACTION

### (Common Law Negligence - by Estate of Bradley G. Dreher only -

### Against Does 51-100 and CFMG and Does 102-200)

53.  Plaintiff Estate of Bradley G. Dreher alleges and incorporates by reference paragraphs 1-52 of this complaint.

54.  At all times mentioned herein, Does 51-100 were subject to a duty of due care to monitor and supervise inmates of the Main Jail. On the day of this incident, Does 51-100 negligently failed to exercise due care in monitoring and supervising Bradley G. Dreher as hereinabove alleged.

55.  At all times mentioned herein, CFMG and Does 102-200 were subject, in their custodial capacity, to a duty of due care to promptly and efficiently administer medication to inmates as ordered by their treating physicians. On the day of the incident, agents of CFMG and Does 102-200 failed to exercise due care to promptly and efficiently administer medication to Bradley G. Dreher.

56.  As a proximate result of Defendants' wrongful conduct, plaintiff Estate of Bradley G. Dreher suffered damages as set forth.

## FIFTH CAUSE OF ACTION

### (Dangerous Condition of Property - by Estate of Bradley G. Dreher only)

57.  Plaintiff Estate of Bradley G. Dreher realleges and incorporates by reference paragraphs 1-56 of this complaint.

58.  The building constituting the Main Jail were constructed, owned, operated, maintained, repaired and controlled by County and private contractors Does 1-25.

59.  At the time of this incident, the building that constituted the Main Jail was in a dangerous condition in that the condition created a substantial risk of injury when used with due care in a manner in which it was reasonably foreseeable that it would be used. The cell that house Bradley G. Dreher was in a dangerous condition in that inmates in those areas could not be

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded

Case No. 5:13-cv-02482-EJD
Page 10 of 12

monitored or supervised by detention officers visually or through the means of video or audio surveillance, thereby creating the risk of successful self harm by mentally ill or unstable inmates such as Bradley G. Dreher at the time of his incarceration.

60. Plaintiff Estate of Bradley G. Dreher seeks recovery from Does 1-25 (unknown private contractors) based on the dangerous condition of property and the negligent failure to adequately warn thereof.

61. The dangerous condition and the negligent failure to warn thereof, as alleged hereinabove, were a proximate cause of the death of Bradley G. Dreher in that it permitted his self harm in secret and without detection by detention officers responsible for monitoring and supervising the conduct and safety of Bradley G. Dreher in the Main Jail. The dangerous condition and negligent failure to warn thereof created a reasonably foreseeable risk of the kind of injuries which were incurred by plaintiffs. The dangerous condition and failure to adequately warn thereof was created by negligent or wrongful acts or omissions of Does 1-25. Does 1-25 had actual or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

## PRAYER

62. WHEREFORE, plaintiffs pray for judgment against Defendants, and each of them, jointly and severally as follows:

    a. For general damages according to proof;

    b. For special damages according to proof;

    c. Punitive damages against each of the individual Defendants according to proof;

    d. Reasonable attorneys fees and costs of suit pursuant to 42 U.S.C. § 1988 (not applicable to Does 1-25);

    e. Prejudgment interest; and

    f. Costs of suit incurred herein and further relief as the Court may deem just and proper.

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*  
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded  
Case No. 5:13-cv-02482-EJD  
Page 11 of 12

# DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand that the present matter be set for jury trial.

Date: July 1, 2014          Law Offices of Ralph W. Boroff, P.C.


By: _____
    RALPH W. BOROFF

*Estate of Bradley G. Dreher v. County of Santa Cruz, et al.*
Second Amended Complaint for Violation of Civil Rights - Jury Trial Demanded

Case No. 5:13-cv-02482-EJD
Page 12 of 12